We will now proceed to the fifth case today, that's Liu v. Kristi Noem. And Mr. Kessingham, whenever you are ready, sir. Thank you, Judge. Good morning. May it please the Court. There now exists a circuit split over the reviewability of the standards UCIS uses when making the no-risk determination under the Adam Walsh Act. But the better position is that from Castanera, because otherwise there is no review of these important legal questions in any forum whatsoever. Contrary to the government's assertions, there is no review of I-130 denials in removal proceedings, ever. Nasrallah, the case that the District Court relied on below, doesn't say otherwise. So this Court should remand for three reasons. First, clear and convincing evidence is required to displace District Court jurisdiction to review agency action. And the grammatical gymnastics of determination versus determines just don't cut it. Second, the District Court erred when it held that our constitutional claims could be reviewed in immigration court. Because, again, I-130 denials are never reviewed in removal proceedings. And that's particularly important for Mr. Noble's constitutional claims. Because as a U.S. citizen, he will never be made removable. And he will never be placed in removal proceedings. And so he will never have access to that forum. And third, the Court erred in dismissing our fourth claim because it just wasn't frivolous. I welcome the Court's questions at any time. Now, turning to my first point, the case Castanera, that's the D.C. Circuit case, right? Yes, it is. That case didn't deal with the final determination, the no risk determination. It dealt with a finding of whether or not the prior offenses actually fell within the classification of SORNA that would trigger subset Roman numeral VIII, right? It dealt with both. First, the Court dealt with, yes, the threshold issue, the predicate factual issue. And then also went into whether the agency has discretion to deviate from Chawathi and its own binding interpretations of how these decisions are supposed to be made. But so I really think that a lot of this case is actually just resolved by looking at what is the required standard for reviewing jurisdictional stripping provisions. The rule is that when Congress intends to completely preclude district court jurisdiction to review agency action, that intention must be manifested by clear and convincing evidence in the statute. That standard then gets revised upwards for constitutional claims, and then it gets revised downwards if instead of precluding review, we're instead talking about channeling it. And so the real question here is, what decisions are clearly marked as discretionary? And turning to the Adam Walsh Act's relevant language, only one decision is clearly marked out as being discretionary. And that is that the secretary definitely has discretion to make the determination that a citizen poses no risk to the alien. Okay, that is clear. But that is only one decision, right? This doesn't say all claims arising from the I-130 petition, nor does it say all questions of law in fact are relating to that type of petition. And that's important. That omission has meaning. Because in McNary, which was decided only 15 years prior, the Supreme Court actually laid out a couple of examples of when that clear and convincing standard would be met. And those were two of the examples that they provided, the all causes and the on all questions of law in fact language. So the fact that Congress did not include that in the Adam Walsh Act case presumably means that that is not what Congress meant. So instead, we have to look at, well, where do we get this multiple decisions? And courts have determined that that is based off of the distinction between determines as a verb versus determination as a noun or based on sole and unreviewable discretion. But the thing is, neither of those change the math. Neither of those change one into two.  And counsel, let me focus on the constitutional claims for a moment. In Holy Virgin, we use the term egregious. We reserved for another day whether egregious constitutional claims perhaps could survive. Some other courts have used colorable. What is your constitutional claim? And how is it colorable? How is it an egregious violation? This isn't an instance, I'm not surmising, of the government saying, well, anyone of this race is going to have their petition denied or something like that. You're talking about burdening a constitutional right that both sides have exercised. They've exercised the right to marry, right? So flesh out to me how there's a constitutional claim here and how it's colorable or egregious to use the term that certain courts have. Well, so one thing is, yes, actually, we are saying that race impermissibly tended the decision. That is the final claim that we brought in. But the other major constitutional claim, I think, is our equal protection argument under Windsor that requires that state-sanctioned marriages all be treated equal within the state, right? So all Illinois marriages must be treated equal. The federal government cannot choose some Illinois marriages and give them preferential status over other Illinois marriages. So yeah, those would be two of our constitutional claims. How is that happening? Are you saying that no one can burden someone with a prior sex offense? Are you saying that the government can't burden someone with a prior sex offense with marriage and immigration? I think that they can burden everybody in the state of Illinois who is married with anything. And they can burden somebody who is convicted of a sex offense against a minor with something. But they can't burden that person's marriage in this way, right? The federal government still has to treat the marriage the same because marriage is marriage. Thank you. And so now turning to my second point and piggybacking off of your point, I-130 denials are just never reviewed in immigration court. So the district court, and I see I'm in my rebuttal time, so I'm going to wrap this up very quickly. But the district court relied on Nasrallah v. Barr, which did not expand immigration court jurisdiction, didn't actually talk about immigration court jurisdiction. So when we talk about will the immigration court have jurisdiction to consider these claims, Nasrallah doesn't say anything, right? That case was about the circuit court's jurisdiction to consider factual determinations under cap, and that's just not what this is about. And I will, on that note, I will retain the rest of my time for rebuttal. Thank you. Mr. Press. Good morning, Your Honors. Counsel. Your Honors, we believe this is a straightforward application of this court's prior jurisprudence and the Supreme Court's jurisprudence interpreting 8 U.S.C. 1252 A.2.B.2, along with the explicitly discretionary language within the Adam Walsh Act. Opposing counsel kept talking about the word determines. It's true that I think determines is mentioned within the Adam Walsh Act, but the real key to this case is the Supreme Court jurisprudence and this court's jurisprudence regarding 1252 A.2.B.2, which uses the words any other decision or action, which is pretty broad. And whether you want to talk about McNary and how that preceded the multiple jurisdiction stripping statutes that we have here, and its determination about what determination means within that specific case, any other decision or action is actually the jurisdiction stripping language here. And this court has already interpreted the words decision or action to be extremely broad. So broad as to include not deciding or employment decisions as to who or how many employees will adjudicate petitions that come to them. That's in the pace of adjudication context. But the larger point there is that any other decision or action is actually the language that you should be looking at. In counsel, that can get to Congress intended this statute to jurisdiction strip.  Even if I get there, right? Yes. You have constitutional claims, and your brief does, I will say, a good job of saying, well, you can't dress up a claim that's not constitutional and avoid jurisdiction stripping. But what about a real constitutional claim? Is the government's position that Congress could jurisdiction strip a constitutional claim? Well, no. So first off, thank you for saying that it was a good job on the brief. Really, I want to just go specifically to that page where we talk about this argument. All I did was quote this court, and that's why you probably thought it was a good job, with plaintiffs may not create the jurisdiction that Congress chose to remove simply by cloaking an argument in constitutional law. And that's absolutely what has occurred here. That's the thrust of your question to opposing counsel there as well. It's difficult to define what the constitutional problem is when the Supreme Court two years ago specifically said there is no liberty interest in having your foreign national spouse get a green card. That liberty interest does not exist. So then they have to go, and they have to get very creative. I think Bill of Attainder is involved here. I know what your concern there is, is can Congress completely eliminate even constitutional claims? They have not. That concern was fundamentally behind the Supreme Court's jurisprudence in INS v. St. Cyr, one of the first Supreme Court decisions interpreting 1252a2b. But there they talked about it in terms of a canon of interpretation. Yes, the canon of constitutional points. I'm not saying you have to answer this because maybe the government's position is I don't need to answer this to resolve this case. That's fine. But does the government have a position on could Congress jurisdiction strip a constitutional claim? So I can only refer, Your Honor, to the arguments that we made in INS v. St. Cyr with regard to that. I can also tell you that Congress heard what Justice Stevens wrote in INS v. St. Cyr. I think that was 1999. They went back to the drawing board with the Real ID Act of 2005, and they added in specific provisions. One of the provisions is what we're talking about here, I think the phrase statutory or non-statutory. They put that in there. They also added in 1252a2d to specifically channel constitutional claims into removal proceedings, which is the entire point and thrust behind Justice Barrett's discussion about channeling in Patel v. Garland. It's the entire point behind it. But this particular type of claim, right? So say—I'm not saying this is happening—but say there's a concerted effort to say, okay, we're going to deny these for everyone of race X or religion Y. We know that's wrong. So we're just not going to put these people in removal proceedings. How is there any jurisdiction to review that? There would not be jurisdiction to review that for a couple of reasons. Obviously, we are saying Congress wanted claim channeling. There are multiple provisions that Congress enacted both in 1996 and 2005 about claim channeling. It's been in the news. I would refer your honors to the most recent Third Circuit decision in Khalil that involves Mahmoud Khalil. That is talking about another jurisdiction channeling provision for constitutional claims. His argument is, I'm being put into removal proceedings because there's this constitutional conspiracy against me. He alleges all manner of First Amendment violations in his case. Your honors' concern is, well, we're not there yet. We're at a predicate step here with the I-130 denial. Typically what happens is that if someone still has status, they're not going to be put into removal proceedings because they have status. That is brought up in this court's jurisprudence, DeCaul versus Sessions, brilliantly written by this court. But that's about somebody who had temporary protective status. He wanted to be put into removal proceedings. We were not going to put him into removal proceedings. And he had constitutional claims there too. Would you agree then that there could be a constitutional claim, the government basing a determination not to grant the petition on race or religion, and then a governmental decision to not put people in removal proceedings, and that just means that constitutional claim can't be heard by a court? Well, I think the problem with the governmental decision to not put people in removal proceedings would bring up some sort of a take-care problem as well, for the take-care clause, if what we were just saying, we're not going to enforce it. And that would be another constitutional claim. I agree. And the other problem with that is that there's another jurisdictional provision that also bars courts from even getting to that, the decision as to whether to institute removal proceedings is also insulated, but not for petitions for review. And I think what's clear by the legislative history, and most of the jurisprudence around the country on the circuit courts on this, is that there is claim channeling for all of these things, and that Congress wanted there to be one case, not multiple bites of the apple, but one case on a petition for review, and that's how you get there. I know that that is extremely frustrating, and counsel is correct. And I guess my question is just getting at, can all the claims truly be channeled? Yes. So, yes. I was asked this question in preparing for this argument before. I want to refer, Your Honors, to a decision within the last year, 131F4601. That's a petition for review case. And there are constitutional allegations and claims against the regulation in that case. And this court had no problem getting to it because of 1252A2D, and the Supreme Court's decision in Wilkinson v. Garland a couple of years ago as well, where it said mixed questions of law and fact, these types of things, policy challenges behind what's going on to ultimately arrive in the remittal proceedings, those can be reviewed by the circuit courts of appeals through 1252A2D. And nobody is taking that away. What I'm trying to say is that Congress wanted that to happen. The best evidence I have for that is that in Patel v. Garland, Justice Barrett cites multiple times to Lee v. USCIS. You might ask, why is that case relevant? It's discussed in our briefs very tangentially, but it's a Fourth Circuit case that came to this exact same conclusion. And then six years after Lee v. United States in the Fourth Circuit, the Fourth Circuit decided that, and then Adam Walsh in that case, Rowland v. USCIS. They said straightforwardly, Lee v. USCIS applies, we're done. And now that we know that the Supreme Court is backing that interpretation, and I share Your Honors' concern with that hypothetical, but now that we know that that is the proper interpretation of 1252A2B, we believe that decides the case very straightforwardly. It's also, by the way, very much in line with this Court's prior jurisprudence. It explains why in Buarfa, the Supreme Court's interpretation of 1252A2B2, it cites this Court's decision from 2004. I think it's Elkotter in the footnotes. So in a case where a noncitizen is denied a I-130 designation and is placed in removal proceedings, and there's a petition for review, can the denial of the I-130 proceeding always be brought up? So what they can say is, I would not be in removal proceedings. If I had this designation. These problems, and with Judge Kohler's hypothetical, those are severe constitutional problems, and those constitutional claims can always be brought up to the Supreme Court of Appeals on petition for review. If there are no further questions. And so you would, I just want to say, you would disagree with the appellant's characterization that these could never be reviewed in removal proceedings. Right, so what he's saying there is that the I-130 denial itself can never be reviewed. That's correct, because an immigration judge, the Board of Immigration Appeals. But on a petition for review, an argument could be, the only reason I'm being subject to this order of removal is, well, one of the reasons is that I was not given this designation previously. Right, there's some unconstitutional policy or unconstitutional action. So, for example, in the Khalil case, he is saying I was a green card holder and I should never have been put in removal proceedings at all but for the Secretary's massively unconstitutional actions, allegedly unconstitutional actions, I should say. If the alien spouse is not in the United States and therefore not subject to removal, you get away with the unconstitutional discrimination, is that right? Well, it's true that there would not be the claim channeling in that specific instance. And the reason why I say that is because of the Supreme Court's decision in Munoz, Department of State versus Munoz for 2024. They were making constitutional claims about the visa denial. I will note that in that case, USCIS granted the I-130 petition. That was not an Adam Malshak case, but there was a grant of the I-130 and the visa to get back into the United States was denied. The plaintiff in that case made all manner of constitutional claims and the Supreme Court still applied consternatory ability to effectively bar the case from proceeding by flagging that there is no substantive due process right to have your foreign national spouse live with you in the United States. The same jurisprudence or the same reasoning is in the United Circuit's decision, which isn't an Adam Malshak case, Gephardt versus Nielsen, that the core of the constitutional argument runs headlong into Congress's plenary power. Congress was very clear that they wanted to curtail district court jurisdiction in this specific context. That's why they used the phrase still nonreviewable. We think it should mean what it says. Unless there are any further questions, we ask that this Court affirm. Thank you. Thank you. Mr. Cushingham, you may proceed. Thank you. Counsel just relied a lot on a bunch of channeling cases, which this is not. This involves and those cases all involved I-485 adjustment of status, which is something that the immigration court does have jurisdiction over. I-130s are not that. I think that is the clearest case of that is that in 20 years, and obviously a bunch of cases where people sued under the Adam Malshak in district court, nobody has managed to bring up these issues on a PFR to any circuit court. I think that should be something that we all find very disturbing because if there are constitutional issues that need to be reviewed, the fact that we haven't come in, run across them in 20 years, says that, yes, there are procedural hurdles that really can't be overcome here. And, yeah, I would also, yeah, and I, thank you. Thank you. The case will be taken under advisement.